UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RANDOLPH J. MURRAY, Plaintiff, | ) | CASE NO. 1:25-CV-00766 |
| | ) | JUDGE DAVID A. RUIZ |
| v. | ) | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant. | ) | MEMORANDUM AND ORDER |

## INTRODUCTION

Before the Court are Plaintiff Randolph Murray's objections (R. 16) to the Report and Recommendation (R&R) issued by United States Magistrate Judge Amanda Knapp (R. 14) which recommends that the Commissioner of Social Security's decision that found Plaintiff not disabled be affirmed. Defendant has responded to the objections. R. 17. For the following reasons, the R&R is ADOPTED, and the decision of the Commissioner is AFFIRMED.

## FACTS

As set out in the R&R, the Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) in 2022, alleging that he had multiple disabling conditions, including physical conditions and mental difficulties. R. 14, Page ID# 1478. Plaintiff was 27 years old at the time of the alleged disability onset date and had only recently moved into his own apartment where he was living alone. *Id.* Plaintiff had a high school

education and was working part-time at a sheltered workshop where he packaged and shipped landscaping bags. *Id*.

The R&R thoroughly documents an extensive history of mental health visits *(id*., Page ID# 1480-1484) and treatment for physical conditions. *Id*., Page ID# 1485-1492. It then discussed a 2023 mental health opinion by Courtney Zeune, Psy. D., a state agency psychological consultant. That opinion, based on two different tests, concluded that Plaintiff was able to perform simple and routine tasks of no more than 1 to 3 steps without strict demands for production and pace, with only occasional and superficial contact with others, so long as Plaintiff's duties remained relatively static and changes could be easily explained. *Id.*, Page ID# 1492. On reconsideration, another state agency psychological consultant again administered the same two diagnostic tests and, as to the first test, found that the previous opinion was consistent with the evidence. *Id*., Page ID# 1492. As to the second test, the reconsideration found that the earlier conclusion was partially consistent with the evidence, in that while the overall functional limitations were supported by the record, but determined the narrative needed to be changed to conform to the language of relevant policy. *Id*., Page ID# 1493.

The R&R then discussed the opinions concerning Plaintiff's physical abilities. Initially, Dr. Leah Holly, M.D., a state agency medical consultant, completed a physical residual functional capacity (RFC) assessment of Plaintiff in 2023. *Id*. That assessment found that Plaintiff was physically capable of standing, walking or sitting for 6 hours in an 8-hour workday, and was subject to certain restrictions as to other physical tasks. *Id.* On reconsideration a few months later, another state agency physician, Dr. Shanker Gupta, M.D., found that while there had been new and material changes in Plaintiff's condition since 2021,

when a previous 2019 application for DIB and SSI benefits had been denied, Plaintiff had not clarified his treatment and conditions. Thus, Dr. Gupta concluded that he had insufficient evidence from which to render an opinion. *Id.*

Plaintiff testified at the administrative hearing, as did a vocational expert (VE). *Id.*, Page ID# 1493-94. The VE testified that a hypothetical individual with Plaintiff's relevant characteristics and RFC could perform work present in the national economy in sufficient numbers. *Id.*, Page ID# 1494. Thus, Plaintiff was found not disabled.

In the proceedings challenging that finding, the extensive R&R addressed multiple issues: (1) whether the ALJ should have been bound by a prior ALJ's finding; (2) whether the ALJ sufficiently explained his reasons for not adopting all the social interaction limitations set forth by the state agency psychological consultants; (3) whether the ALJ properly evaluated the medical evidence and correctly stated the social interaction limitations of the RFC; (4) whether the ALJ properly evaluated Plaintiff's physical functioning in light of Plaintiff's subjective symptoms and testimony; and (5) whether the ALJ properly evaluated the opinion of a state agency consultant. *Id.*, Page ID# 1498-1514.

Of particular relevance here, the R&R carefully examined, with frequent citations to the record, Plaintiff's assertions that the ALJ ignored or mischaracterized evidence showing Plaintiff's symptoms were disabling. *Id*. Page ID# 1506-1513. The R&R began that review by correctly citing the legal standard for assessing the limiting effects of symptoms. *Id.*, Page ID# 1507. The R&R then noted that the ALJ began his analysis by detailing the evidence of record, including Plaintiff's own testimony, treatment history, and activities of daily living. *Id*. From there, the R&R quoted the ALJ's reasoning, which itself cited x-rays, back diagnostic imaging, nerve conduction studies and electromyography, and physical examination to support the

finding that Plaintiff's symptoms improved with treatment, while also noting that Plaintiff himself testified that he takes no pain medication. *Id*., Page ID# 1508. Further, the ALJ then explained why Plaintiff's mental condition was better than he claimed. *Id*. Specifically, the ALJ pointed to Plaintiff's own testimony regarding his ability to manage activities of daily living, as well as the facts that he has been able to live independently for several years and is able to work part-time on a daily basis. *Id*.

The R&R continued by addressing the argument made here as well, that the ALJ mischaracterized the record or neglected to consider all the evidence favorable to Plaintiff regarding his physical functioning. The R&R observed in that regard that the ALJ accurately acknowledged on the record both abnormal examination findings as well as abnormal diagnostic imagery, before citing normal findings. *Id*., Page ID# 1509. Thus, the R&R concluded, "the argument that the ALJ mischaracterized the record is not well taken." *Id.* Moreover, the R&R, citing the recognized "zone of choice" standard, found that the ALJ provided sufficient evidence for finding that Plaintiff's subjective allegations were not consistent with the medical or opinion evidence. *Id*., Page ID# 1510.

Finally, the R&R explored in some detail the argument that the ALJ mischaracterized the evidence regarding Plaintiff's mental functioning. As the R&R noted, while the ALJ did not discuss every aspect of Plaintiff's work or daily activities, such a level of detail is not required. *Id*., Page ID# 1512. More importantly, the R&R found that the ALJ did not solely rely on any analysis of Plaintiff's subjective complaints but considered such evidence as physical examinations and Plaintiff's treatment history. *Id.*

Plaintiff presents one objection to the R&R, which is that the R&R erred by finding that the ALJ's decision was supported by substantial evidence. R. 16, Page ID# 1519. That objection

itself rests on claims that the R&R ignored evidence favorable to the Plaintiff that would have undercut the functional findings of the ALJ in multiple areas. *Id*., Page ID# 1517-1519. Specifically, the Plaintiff here argues that evidence that contradicted the ALJ's findings as to Plaintiff's abilities to attend to his personal care, to live independently and to work part-time was "ignored or mischaracterized" by the ALJ. *Id*., Page ID# 1517. Plaintiff continues by asserting that the R&R is flawed because it relied on evidence that was not considered by the ALJ, which renders the R&R unsupported by the evidence. *Id*., Page ID# 1519.

## ANALYSIS

### Standard of judicial review of reports and recommendations

Federal Rule of Civil Procedure 72(b)(3) states:

> The district judge must determine *de novo* any part of a magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

In conducting judicial review of Social Security cases, the reviewing court is limited to ascertaining whether the Commissioner's decision is supported by substantial evidence and/or whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 390, 401 (1971). Specifically, this standard requires the reviewing court to determine whether, viewing the record as whole, substantial evidence supports the finding of the ALJ. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the decision of the Commissioner, the reviewing court must affirm the decision even though it would have decided the matter differently. *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1992). Moreover, the decision must be affirmed even if substantial evidence would have supported the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff's contention that the R&R erred by not finding that the ALJ mischaracterized the evidence is belied by the R&R's careful recitation of the evidence itself and the ALJ's reasoning, both of which are recounted above. As is well-settled, the substantial evidence standard "presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Blakely v. Comm'r of Social Security*, 581 F.3d 399, 406 (6thCir. 2009) (internal citation and quotation omitted). Moreover, contrary to Plaintiff's assertion, *see*, R. 14, Page ID# 1496, a court reviewing a final decision of the Commissioner may consider any evidence in the record, regardless of whether it was cited by the ALJ. *Heston v. Comm'r of Social Security*, 245 F.3d 528, 535 (6th Cir. 2001).[1]

In sum, and as detailed herein, the R&R reflects a thorough and correct review of the record, followed by a well-reasoned and sound analysis of that record in light of the applicable law. Plaintiff's objections fail to show any reversible error.

CONCLUSION

Plaintiff's objections are overruled, and the R&R is adopted. The decision of the Commissioner is AFFIRMED. It is so ordered.

Date: September 29, 2026

/s/ David A. Ruiz
David A. Ruiz
United States District Judge

[1] In that regard, this Court's review of the entire 37-page R&R found only a single instance where the R&R cited evidence not specifically relied on by the ALJ. In a brief footnote on page 35, appended to a discussion of the ALJ's finding that Plaintiff's refusal to take pain medication undermined his argument as to the debilitating effects of his symptoms, the R&R noted that there was additional record evidence the ALJ could have considered that such refusal was against medical recommendations. R. 14, Page ID# 1512 fn 11. Again, as noted, such consideration of evidence not specifically cited by the ALJ was not improper, nor was this brief reference in a single footnote any basis for claiming that the extensively reasoned and well-supported R&R was based on the Magistrate Judge ignoring the record as presented by the ALJ.